**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |
|---|
| CHRISTOPHER DISNUTE, an individual; et al., |
| Plaintiffs - Appellants, |
| v. |
| CITY OF PUYALLUP; et al., |
| Defendants - Appellees. |

No. 12-35447

D.C. No. 3:10-cv-05295-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted July 9, 2013
Seattle, Washington

Before: M. SMITH and N.R. SMITH, Circuit Judges, and WALTER, Senior
District Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Donald E. Walter, Senior District Judge for the U.S.
District Court for the Western District of Louisiana, sitting by designation.

The district court did not err when it granted summary judgment to Appellees and rejected the Fourth Amendment and state law discrimination claims of Appellants Christopher Disnute, Phillip Currie, and P.C. ("Appellants").

Appellants fail to show that the two officers (the "Officers") improperly seized them in violation of their Fourth Amendment rights. "A person is seized if taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business." *United States v. Washington*, 490 F.3d 765, 769 (9th Cir. 2007) (internal citation and quotation marks omitted). We have identified a number of factors to guide our analysis of whether an encounter with police constitutes a seizure. These include: "(1) the number of officers; (2) whether weapons were displayed; (3) whether the encounter occurred in a public or non-public setting; (4) whether the officer's tone or manner was authoritative, so as to imply that compliance would be compelled; and (5) whether the officers informed the person of his right to terminate the encounter." *Id.* at 771-72.

Here, the totality of the circumstances indicates that the Officers' conduct did not rise to the level of a seizure. This was not a case where the Officers outnumbered Appellants, brandished their weapons, or approached Appellants in a

non-public area at night. *See id.* While the Officers never told Appellants that they were free to leave, the Officers did not cite Appellants, search them, or touch them. *See id.* at 772-73. Further, there is no evidence that the Officers' tone or manner elevated this otherwise consensual encounter to a seizure. *See id.* at 772 (finding a seizure in part because the officers' authoritative tone "implied that [the defendant] was not free to decline [the officers'] requests"). A reasonable person would not feel seized due to the Officers' "blocking" Appellants' exit from the dock, because the narrow walkway required the Officers to stand between Appellants and shore in order to address them. Accordingly, we reject Appellants' reliance on the Officers' tone and position on the dock to demonstrate a seizure.

We also reject Appellants' discrimination claim, because Appellants fail to establish a prima facie case of discrimination under Washington Revised Code § 49.60.030. *See Demelash v. Ross Stores, Inc.*, 20 P.3d 447, 456 (Wash. Ct. App. 2001). Specifically, Appellants cannot show that they were similarly situated to the fishers at the other end of the lake, which the Officers did not approach. *See id.* It is undisputed that Appellants were fishing near an area known for criminal activity while the other fishers were not. Given this difference in location, Appellants also cannot show that their race was a "substantial factor" in the differing treatment. *See id.*; *see also McKinney v. City of Tukwila*, 13 P.3d 631,

3

641-42 (Wash. Ct. App. 2000). Merely pointing out that Appellants were treated differently than other fishers of a different race is not enough. *McKinney*, 13 P.3d at 641-42. Finally, even if Appellants could establish a prima facie case of discrimination, they cannot show that the Officers' proffered reasons for the differing treatment were pretextual. *Demelash*, 20 P.3d at 456.

**AFFIRMED.**